IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,298-02






EX PARTE MARK ANTHONY STROMAN









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION

FROM CAUSE NO. F01-40949-V(B) IN THE 292ND JUDICIAL DISTRICT
COURT

DALLAS COUNTY




 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In April 2002, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Stroman v. State, No. AP-74,354 (Tex. Crim. App. Nov. 19, 2003)(not designated for publication). Applicant filed his
initial post-conviction application for writ of habeas corpus in the trial court on November
13, 2003. This Court denied relief. Ex parte Stroman, No. WR-62,298-01 (Tex. Crim. App.
July 27, 2005)(not designated for publication). Applicant filed this his first subsequent
application in the trial court on July 12, 2011.

 Applicant presents three allegations in his application. In the first allegation, he
asserts that he is actually innocent of the crime with which he is charged and that he is
actually innocent of the death penalty. In his second allegation, applicant asserts that the
failure to respect the wishes of the victims violates the law. And in his third claim, he asserts
that he was deprived of his right to the effective assistance of counsel for a number of
reasons. We have reviewed the application and find that applicant's allegations fail to satisfy
the requirements of Article 11.071 § 5. Accordingly, we dismiss the application as an abuse
of the writ without considering the merits of the claims. Applicant's motion to stay his
execution is denied. 

 IT IS SO ORDERED THIS THE 14th DAY OF JULY, 2011.


Do Not Publish